# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS WAYNE WILSON,<br><br>             Plaintiff,<br><br>       v.<br><br>PIERCE, et al.,<br><br>             Defendants. | Case No. 1:16-cv-00479-LJO-SKO-(PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE AS BARRED BY THE STATUTE OF LIMITATIONS AND BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) and *EDWARDS v. BALISOK*, 520 U.S. 641 (1997).**<br><br>**(Docs. 1, 7)**<br><br>**21-DAY DEADLINE** |

## INTRODUCTION

Plaintiff, Dennis Wayne Wilson, is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains of events that occurred in 2011 when he allegedly was wrongly charged with and found guilty of a Rules Violation Report ("RVR") because he refused to sign a form agreeing to parole conditions. (Doc. 1.) Plaintiff alleges he was wrongly placed on parole rather than being fully released after serving his sentence which did not include any parole. (*Id.*) As a result of being found guilty, Plaintiff lost "time and credits." (*Id.*, p. 9) Plaintiff alleges that he has been "over detained due to illegal construction of his sentence." (*Id.*, p. 9.)

**A.     Plaintiff's Claims Appear Barred by the Statute of Limitations**

Upon review of the Complaint, it is apparent that Plaintiff is barred by the statute of limitations as all of his claims and allegations are based on incidents that occurred in 2011.

The applicable statute of limitations starts to run upon accrual of the plaintiff's claim, i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc*., 32 F.3d 1405, 1407 (9th Cir.1994). Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). Thus, Plaintiff had four years from the date of the incidents at issue to file suit.

The claims Plaintiff seeks to pursue in this action are barred by the statute of limitations. His claims allegedly accrued, and the statute of limitations started running, in 2011. (Doc. 1, pg. 4.) He was entitled to four years (the sum of the time allowed by the usual limitations period and equitable tolling under section § 352.1) from that time to file suit. He, therefore, had until 2015, at the latest, to file suit. He did not file this action until March 24, 2016 -- well after the 2015 deadline.

Thus, Plaintiff's claims from incidents that occurred in 2011 appear barred by the statute of limitations.

**B. Plaintiff's Claims Appear Barred by *Heck v. Humphry,* 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997)**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

The Complaint does not contain any allegations to show that Plaintiff's finding of guilt under the RVR has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Thus, it appears he is barred by *Heck* and *Edwards* from pursuing his claims under section 1983.

## **ORDER**

Accordingly, it is HEREBY ORDERED that within **twenty-one (21) days** of the date of service of this order, Plaintiff must show cause why this action should not be dismissed as barred both by the statute of limitations and *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997). **Failure to respond to this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:  **January 27, 2017**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE