# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS WAYNE WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>PIERCE, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00479-LJO-SKO-(PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE AS BARRED BY THE STATUTE OF LIMITATIONS AND BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) and *EDWARDS v. BALISOK*, 520 U.S. 641 (1997).**<br><br>**(Docs. 1, 7)**<br><br>**21-DAY DEADLINE** |

## **FINDINGS**

Plaintiff, Dennis Wayne Wilson, is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains of events that occurred in 2011 when he allegedly was wrongly charged with and found guilty of a Rules Violation Report ("RVR") because he refused to sign a form agreeing to parole conditions. (Doc. 1.) Plaintiff alleges he was wrongly placed on parole rather than being released after serving his sentence which did not include any parole. (*Id.*) As a result of being found guilty, Plaintiff lost "time and credits." (*Id.*, p. 9) Plaintiff alleges that he has been "over detained due to illegal construction of his sentence." (*Id.*)

Based on these allegations, on January 27, 2017, an order issued for Plaintiff to show cause ("OSC") why this action should not be dismissed as barred by the statute of limitations and by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). (Doc.

1

10.)  Despite lapse of more than the twenty-one days allowed for response, Plaintiff has not filed any response to the OSC.

### A. Plaintiff's Claims Are Barred by the Statute of Limitations

Upon review of the Complaint, it is apparent that Plaintiff is barred by the statute of limitations as all of his claims and allegations are based on incidents that occurred in 2011.

As stated in the OSC, the applicable statute of limitations begins to run upon accrual of the plaintiff's claim -- i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc*., 32 F.3d 1405, 1407 (9th Cir.1994).  Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit.  *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law).  Thus, Plaintiff had four years from the date of the incidents at issue to file suit.

The claims Plaintiff seeks to pursue in this action are barred by the statute of limitations.  His claims allegedly accrued, and the statute of limitations began to run in 2011.   (Doc. 1, pg. 4.)  He was entitled to four years (the sum of the time allowed by the usual limitations period and equitable tolling under section § 352.1) from that time to file suit.  He, therefore, had until 2015, at the latest, to file suit.  He did not file this action until March 24, 2016 -- well after the 2015 deadline.  Thus, Plaintiff's claims from incidents that occurred in 2011 are barred by the statute of limitations.

//
//

**B.     Plaintiff's Claims Are Barred by *Heck v. Humphry,* 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997)**

As stated in the OSC, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).   When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.  This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

The Complaint does not contain any allegations to show that Plaintiff's finding of guilt under the RVR has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  Nor did Plaintiff provide any such information in response to the OSC.  Thus, it appears he is barred by *Heck* and *Edwards* from pursuing his claims under section 1983.

## **RECOMMENDATION**

Plaintiff's claims challenge an RVR he received in 2011 which directly impacted his release date.  This challenge is untimely and may be brought only in a petition for a writ of habeas corpus.  Thus, Plaintiff has failed to state any claims that are cognizable under section 1983.  Plaintiff need not be given leave to amend as these deficiencies are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's Complaint (Doc. 1) be dismissed as barred by the statute of limitations and for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **February 24, 2017**                          /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE