# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS WAYNE WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00479-LJO-SKO-(PC)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING RECONSIDERATION**<br><br>**(Doc. 16)** |

Plaintiff, Dennis Wayne Wilson, is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action was closed on April 4, 2017, upon a finding that Plaintiff's claims were barred by the statute of limitations as well as *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 520 U.S. 641 (1997). (Docs. 11, 12, 13.)

Roughly three months after the case was closed, on July 5, 2017, Plaintiff filed a notice indicating that he did not receive the order to show cause (Doc. 10) and findings and recommendation (Doc. 11) until June 26, 2017, as they had apparently fallen behind the desk where letters are placed in the Los Angeles County Central Jail where he had been housed since August 22, 2016. (Doc. 14.) Plaintiff apologized for not responding to either of these orders and requested an opportunity to do so. (*Id.*) Since this action was dismissed based on statute of limitation grounds and asserted claims that appeared barred by *Heck* and *Edwards*, judgment was not set aside, but Plaintiff was granted leave to file a response addressing whether his claims in this action are barred by the statute of limitations and *Heck* and *Edwards*, which would be considered under the Court's Local Rules as well as the Federal Rules of Civil Procedure. (Doc.

1

15.) Plaintiff filed a document titled as objections to the Findings and Recommendation upon which his case was dismissed (Doc. 16) which is construed as a motion for reconsideration of the order that dismissed this action.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

This action is based on Plaintiff's contention that, after serving his determinate sentence, rather than being fully released he was wrongly placed on parole. (Doc. 16, p. 1.) Plaintiff states that his commitment sentence did not include any parole, but that his sentence was illegally construed to include it and that he has been falsely maintained on parole as a result. (*Id.*, pp. 1-2.)

Plaintiff asserts three arguments hoping to set aside the judgment in this action. First, Plaintiff contends that he is not barred from pursuing his claims under the statute of limitations, since he was fraudulently induced to sign the form agreeing to parole conditions. (Doc. 16, pp. 2-

2

3.) Plaintiff states that he believed parole was an illegal addition to his determinate sentence, so he initially refused to sign a form agreeing to parole conditions for which he received and was found guilty of two RVRs. (*Id.*) Plaintiff contends that the Defendants subsequently fraudulently induced him to sign the form agreeing to parole conditions. (*Id.*) Second, Plaintiff contends that he has been serving parole since 2012 which constitutes an ongoing injury which he is not barred by the statute of limitations from pursuing. (Doc. 16, pp. 4-5.) Plaintiff argues that his injury started with being charged and found guilty of the two RVRs in 2011, for not signing a form agreeing to parole conditions and that subsequent to signing it, he was wrongly subjected to parole. (*Id.*) Finally, Plaintiff contends that his action is not barred by *Heck* and *Edwards* since he challenged the RVRs he received in 2011 by filing writs of habeas corpus in California State Courts. (Doc. 16, pp. 5-6.)

Only the last of Plaintiff's arguments need be addressed since dispositive. As stated in the Order to Show Cause (Doc. 10, "OSC") and the Findings and Recommendation (Doc. 11, "F&R"), when one challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-47 (1997).

Plaintiff contends that his filing of writs of habeas corpus on the RVRs he received in 2011 "challenged" them such that he is not barred from pursuing claims thereon under § 1983.

(Doc. 16, pp. 5-6.) Though Plaintiff acknowledges that both of his writs were denied by the California court, he contends that his mere filing of writs on the RVRs suffices to challenge them, which allows him to proceed here under § 1983. (*Id.*) However, *Heck* and *Edwards* do not require mere assertions that the underlying charges were wrongful, but findings *invalidating* the underlying conviction or sentence before one may pursue damages under § 1983. *Heck*, at 487-88; *Edwards,* at 643-47. Mere filing of a writ of habeas corpus does not suffice.

Plaintiff's contention that he has been subjected to an ongoing, cumulative injury such that his claims are not barred by the statute of limitations because he has been subjected to parole "since '2012'" likewise confirms that this action is barred by *Heck*. One on parole is "in custody" for purposes of the federal habeas statute. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Challenges to parole, or conditions thereof, imposed by a state correctional department may be challenged through a habeas petition under 28 U.S.C. § 2241. *Bagley v. Harvey*, 718 F.2d 921, 922–23 (9th Cir. 1983). This action challenges events which Plaintiff alleges led to him being placed on parole -- from which he seeks a full release. Plaintiff's claims are not cognizable under § 1983 until the decision to place him on parole has been invalidated. *Heck*, 512 U.S. at 487-88

Finally, Plaintiff is no longer on parole as he has been confined at the Los Angeles County Central Jail since August of 2016. (*See* Doc. 14, p. 1.) There are exceptions to *Heck's* bar for Plaintiffs who are no longer in custody. A § 1983 claim, which would otherwise be *Heck* barred, may be maintained where a remedy in habeas corpus is unavailable because of mootness. *See Spencer v. Kemna*, 523 U.S. 1, 19, 21 (1998) concurring opinion adopted in *Nonnett v. Small*, 316 F.3d 872, 876 (9th Cir. 2002) *cert. denied* 540 U.S. 1218 (2004) (inmate who had served period of incarceration which was being attacked was allowed to proceed under § 1983). However, an inmate's release from custody and concomitant inability to overturn the prior conviction does not lift *Heck's* bar unless the inmate timely pursued habeas relief thereon. *See Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006). Plaintiff's allegations and arguments make clear that he did not timely pursue habeas relief for his parole confinement. Thus, he is barred from bringing claims for damages under § 1983 thereon.

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the April 4, 2017 order which dismissed this action as well as the findings and recommendation that issued on February 27, 2017, which the April 4, 2017 order adopted, are supported by the record and proper analysis.

Accordingly, Plaintiff's objections to the findings and recommendations, filed on July 10, 2017 (Doc. 16), are OVERRULED and any motion for reconsideration based thereon is DENIED.

IT IS SO ORDERED.

Dated: **September 24, 2017**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE